FILED

AUG 29 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD L. TURNER,

    Plaintiff,

v.

DAVID COLEMAN; et al.,

    Defendants.
                               /

No. C 06-491 MHP (pr)

**ORDER OF DISMISSAL**

**INTRODUCTION**

    Edward T. Turner, currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

    There was some confusion at the filing stage in this case. Turner apparently mailed two different complaints in one envelope, Turner v. Coleman and Turner v. Bennett, to the court. Not realizing that there were two different complaints, a member of the clerical staff at the court filed one complaint and returned the other to Turner as a conformed copy. Turner then sent the court a letter on February 7, 2006, explaining the problem and attaching the Turner v. Coleman complaint with Case No. C 06-491 MHP stamped on it, even though the complaint in the file for this case is the Turner v. Bennett complaint. On February 24, 2006, Turner filed another copy of the Turner v. Bennett complaint and that became Case No. C 06-1421 MHP. Accordingly, the court treats the Turner v. Coleman complaint as the

operative complaint in this case (i.e., Case No. C 06-491 MHP), and the Turner v. Bennett complaint as the operative complaint in Case No. C 06-1421 MHP.

## DISCUSSION

A.  Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The scope of the complaint in this action is extremely broad. Turner, apparently a longstanding customer of the Contra Costa County Public Defender's Office, complains about a variety of problem he experienced in his criminal cases pending in 2001-2004, 1997, 1996, 1993-1994, 1989, and 1977-1978. All of the defendants are public defenders or from the alternate defender's office in Contra Costa County. Turner alleges that defendants denied him timely appearances before a magistrate, failed to adequately investigate and present cases, failed to disclose conflicts of interest, and engaged in other acts of malpractice. He also makes conclusory allegations that the various defendants conspired with each other.

Turner's complaint fails to state a claim for relief under Section 1983 because one cannot sue his lawyer for allegedly ineffective assistance or malpractice in a Section 1983 action. An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law, as a person must to be liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as

counsel to a defendant in a criminal proceeding); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1345 (9th Cir. 1981). An essential element -- a state actor -- for a § 1983 claim is missing because the defendants are public defenders and alternate defenders who allegedly did not represent Turner properly in his several criminal cases. His conclusory allegations of conspiracies among the defendants does not save his claim. See <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003). His complaint therefore does not state a claim upon which relief may be granted under 42 U.S.C. § 1983.

This is the third case in which Turner has tried to assert § 1983 claims against his public defenders and this will be the third time the court explains to him that public defenders and alternate defenders doing lawyerly functions for criminal defendants are not state actors. See <u>Turner v. Contra Costa County</u>, C 97-3015 MHP; <u>Turner v. Coleman</u>, C 02-5731 MHP. The repeated assertion of claims the court has explained cannot be brought is frivolous and malicious. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) (claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis); <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action subject to dismissal under § 1915 as malicious).

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted and is frivolous and malicious. This action is therefore dismissed with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: ~~September~~ August 29, 2006

Marilyn Hall Patel
United States District Judge

3